UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM R. MURRAY, | ] | |
| Plaintiff, | ] | |
| vs. | ] | CV-99-N-735-W |
| CAPSTAR OPERATING CORP., | ] | |
| Defendant. | ] | |

FILED
99 SEP -3 PM 12:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 03 1999

## Memorandum of Decision

The court has for consideration the motion to dismiss for want of subject matter jurisdiction of defendant Capstar Operating Corporation that was filed June 29, 1999. The issues have been briefed by both parties and were informally argued at the Rule 16(b) scheduling conference on Wednesday, September 1, 1999. It is now ripe for decision. Upon due consideration, the motion to dismiss will be granted without prejudice to the right of the plaintiff to refile in an appropriate state court of competent jurisdiction.

This action arises from a dispute between William R. Murray, an attorney in Northport, Alabama, and Capstar Operating Corporation, the operator of a radio station in Tuscaloosa, Alabama, WACT.[1] On three occasions, WACT pre-empted Murray's fifteen minute "Comments" program in favor of broadcasting University of Alabama baseball games.[2] As a result, the plaintiff makes claims for breach of contract and fraud, and seeks

---

[1] The court has assumed the facts alleged by the plaintiff to be true for purposes of the motion to dismiss.

[2] According to the complaint, "Comments" was entirely pre-empted on one occasion, and on February 21, 1999 and March 7, 1999 the show was cut short by approximately 5 minutes.

compensatory and punitive damages. Capstar argues that because Mr. Murray grounds his assertion of jurisdiction in this court on complete diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332, he must demonstrate that the amount in controversy exclusive of interests and costs exceed the sum of $75,000.00. Because he cannot so demonstrate, according to the defendant, this court lacks subject matter jurisdiction and must dismiss the action in favor of an appropriate state court. Mr. Murray claims that by including a demand for punitive damages and compensatory damages for mental anguish, he can easily meet the statutory amount-in-controversy requirement of 28 U.S.C. 1332.

A case in which jurisdiction is founded upon diversity of citizenship of the parties must be dismissed if it appears to a "legal certainty" that plaintiff's claim is actually for less than the jurisdictional amount. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994); *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

With regard to the claim for punitive damages, the Supreme Court has declared that the Constitution provides an upper limit on such awards so that a person has "fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty that a state may impose." *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 562 (1996). A court has a mandatory duty to correct an unconstitutionally excessive verdict so that it conforms to the requirements of the due process clause. *Id.* at 585. Following *Gore*, the Eleventh Circuit has recently held that upon determination of the constitutional limit of a particular award,[3] the district court may reduce an excessive jury award and enter a

---

[3]"No one would dispute that the court, not the jury, has the responsibility for determining this constitutional limit." *Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320 (11th Cir. 1999).

2

judgment for the maximum amount as a matter of law. *Johansen v. Combustion Engineering, Inc.,* 170 F.3d 1320 (11th Cir. 1999).

In this matter, the court is satisfied that any jury verdict which awarded punitive damages in excess of $75,000 could not withstand the constitutional requirements espoused is *Gore,* and would have to be reduced. The constitutional "upper limit" of Mr. Murray's potential award does not even reasonably approach $75,000. Furthermore, the court maintains that any attempt by Mr. Murray to assert mental anguish as a way to meet the statutory requirement is futile. Mr. Murray is an attorney who entered into a $520.00 commercial contract with a radio broadcasting corporation. The entire dispute is centered upon three instances where Mr. Murray's "Comments" program was allegedly pre-empted by Alabama baseball games. In particular, two of these instances involve only five minutes of Murray's fifteen minute program being pre-empted. Any prospect for substantial punitive or mental anguish damages to be awarded is nonexistent.

Thus, it is apparent to a legal certainty that the required amount in controversy cannot be recovered by Mr. Murray. Consequently, this court does not have jurisdiction under 28 U.S.C. 1332.

The court recognizes that Mr. Murray feels very strongly about the way in which he believes Capstar handled his radio broadcasts. In addition, it acknowledges the vigor and fervor in which Mr. Murray has pursued his claim. Unfortunately for Mr. Murray, the United States District Court is not a Small Claims Court. He will simply have to pursue his claims, if at all, in the appropriate local court of competent jurisdiction.

By separate order, the action will be dismissed without prejudice.

Done, this __3rd__ of September, 1999.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE